■ MITSUBISHI INTERNATIONAL CORP., Respondent, v A. W. G. CHEMICAL Co., INC., Appellant.—Order, Supreme Court, New York County, entered August 11, 1975, granting the plaintiff's motion for summary judgment and severing the counterclaim contained in the defendant's answer, unanimously reversed, on the law, and the plaintiff's motion denied. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The complaint contains two causes of action, one for goods sold and delivered between August and December, 1974 and the other for interest due and owing for the defendant's alleged failure to pay invoices on their due dates. The answer contains a general denial, and a combined separate defense and counterclaim that broadly states, without specification, that the plaintiff, alone and in concert with Daiichi Seiyaku Co., Ltd., breached its contractual arrangements with the defendant in a manner that would defeat the plaintiff's right to recover and would give rise to a recovery by the defendant on its counterclaim. On the motion, the defendant submitted evidence by affidavit which the plaintiff's reply affidavit contends is applicable only to Daiichi and, if applicable to the plaintiff, would relate only to a counterclaim and not be a defense to the complaint. In apparent agreement, the Special Term found no issue of fact relating to the complaint. We disagree. The defendant's evidence shows that the plaintiff's shipments of August through December, 1974 were not isolated transactions, independent of other agreements of the parties; that they were a continuation of a course of dealing going back 20 years in which the defendant had purchased millions of dollars of the plaintiff's chemicals from Japan for resale in the United States. The defendant has produced evidence showing that the plaintiff agreed to maintain certain prices for certain periods, that it would take no action impairing the defendant's ability to resell the chemicals, that, unless sufficient notice were granted, the defendant would be the plaintiff's exclusive outlet in this country, and that the plaintiff would support the defendant's sales efforts and supply it with all current market information. The defendant's evidence creates an issue of fact whether these agreements were breached. As we read the affidavits we find the evidence is directed both to the activities of the plaintiff and Daiichi, but, if to Daiichi alone, a question still remains whether under these circumstances Daiichi was acting for the plaintiff in its relations with the defendant. The validity of the sales in the first cause of action hangs on the resolution of these issues, as does the second cause of action for interest. Further there is an issue of fact whether a different interest agreement had been made by the parties. We find it unnecessary to reach the question whether the outstanding counterclaim should, of itself, be sufficient to defeat summary judgment. Concur—Stevens, P. J., Kupferman, Lupiano, Lane and Lynch, JJ.